OPINION
{¶ 1} Defendant-appellant Andrew Waers appeals his conviction and sentence from the Canton Municipal Court on one count of aggravated menacing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 28, 2006, appellant was arrested and charged with one count of aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree. Appellant was arraigned on January 31, 2006.
 {¶ 3} Subsequently, a bench trial was held on March 8, 2006. At the trial, Randolph Zimmer testified that on January 28, 2006, he was at his mother's house removing items for his mother, who was moving out of the house. Zimmer testified that while he was getting ready to put a barbecue and other items into his van, a man "come from around the house started yelling telling me to get out that he had somebody else was buying the house, I had no right to be there and that I'd been stealing stuff. . . ." Transcript at 6. In response, Zimmer told the man, who he identified as appellant, that his mother still owned the house and that the house was not up for sale or auction.
 {¶ 4} Zimmer testified that while he was in the process of carrying items to his van, appellant, while yelling at him, pulled his coat open and showed Zimmer his gun, which was in a shoulder holster. According to Zimmer, appellant continued yelling and then pulled his gun out and "pushed it [into Zimmer's chest] enough to where it pushed me back on my heels, . . ." Transcript at 8. After Zimmer again told appellant that he had a right to be there since the house was still his mother's and continued loading his van, appellant turned to Zimmer and threatened to shoot Zimmer if he saw him again. Zimmer testified that he was "shaken up" by the incident and went to the police station to let the police know what had happened. Transcript at 9. After filling out a police report, Zimmer, who has hypertension and has had several heart attacks, was taken by ambulance to the hospital since he was not feeling well and was flushed.
 {¶ 5} On cross-examination, Zimmer testified that the house was subject to his mother's bankruptcy case and that his mother had filed a notice of intent to surrender the property to the bank. Zimmer admitted that he continued arguing with appellant after appellant showed Zimmer his gun and that he was not scared at that point. Zimmer further testified that he was scared after appellant pulled the gun on him, but that he continued arguing with appellant "because I was in the right." Transcript at 17. Zimmer further testified that he went home for 15 or 20 minutes right after the incident because he was shaken up and then went to the police station. The following is an excerpt from Zimmer's testimony on cross-examination:
 {¶ 6} "Q. In that statement you say, and I quote, oh, and it's at the end, you say, oh, when he yelled don't come back, he also said, if I did he would shoot me.
 {¶ 7} "A. That's correct.
 {¶ 8} "Q. And then the officer, I take it, `cause it's in different handwriting states, did you at anytime feel that he would cause serious physical harm to you?
 {¶ 9} "A. Yes.
 {¶ 10} "Q. Okay. Is that when you feared physical harm, when he said that he would shoot you?
 {¶ 11} "A. Yes.
 {¶ 12} "Q. Okay.
 {¶ 13} "A. Well, I thought it as soon as he pulled the gun out.
 {¶ 14} "Q. As soon as he pulled it — but you continued to argue with him, correct?
 {¶ 15} "A. That's right, because I was in the right.
 {¶ 16} "Q. Okay. So you couldn't have been that scared because you did continue to argue with him.
 {¶ 17} "A. That's a matter of opinion.
 {¶ 18} "Q. Okay.
 {¶ 19} "A. You can be scared and still do." Transcript at 22.
 {¶ 20} At trial, appellant testified that, when he arrived home on January 28, 2006, he saw a green van parked over at the neighbor's house, which was vacant, with the tailgate up and a grill loaded into same. Appellant further testified that his father had "been in contact with Skybank attorneys and Mrs. Zimmer's attorney to purchase the place, that Mrs. Zimmer had accepted an offer for $22,000.00 on the property . . ." and that the paperwork for the sale had been started. Transcript at 46. Appellant testified that after observing Randolph Zimmer loading the van, he warned Zimmer that he was trespassing since appellant's father was in the process of buying the house and told Zimmer that he needed to leave or the police would be called.
 {¶ 21} At the conclusion of the evidence, the trial court, on March 8, 2006, found appellant guilty of aggravated menacing. As memorialized in a Judgment Entry filed on the same day, appellant was sentenced to 180 days in jail, with all but two (2) days suspended. Appellant was given credit for the two (2) days in jail that he had already served. In addition, appellant was ordered to perform 100 hours of community service, to pay court costs, and to have no contact with the victim.
 {¶ 22} Appellant now raises the following assignment of error on appeal:
 {¶ 23} "THE JUDGMENT OF THE TRIAL COURT CONVICTING THE APPELLANT OF AGGRAVATED MENACING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 24} Appellant, in his sole assignment of error, argues that his conviction for aggravated menacing is against the manifest weight to the evidence. We disagree
 {¶ 25} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also State v. Thompkins,78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 26} Appellant was convicted of aggravated menacing in violation of R.C. 2903.21(A). Such section provides as follows: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
 {¶ 27} Appellant specifically contends that his conviction for aggravated menacing is against the manifest weight of the evidence since the evidence does not establish that Randolph Zimmer was placed in fear as a result of appellant's possession of a gun. Appellant notes that Zimmer did not retreat immediately after appellant allegedly pulled a gun on him and did not go directly to the police station after leaving the subject property.
 {¶ 28} However, as is set forth above, Zimmer testified at trial that he was afraid that appellant would shoot him or cause physical harm to him and that he was "scared the whole time." Zimmer further testified that he did not immediately go to the police station immediately after the incident because he was shaken up. Testimony also was adduced that Zimmer, who has a history of heart problems, was taken by ambulance to the hospital after the incident since he was flushed and was not feeling well. The trial court, as trier of fact, was in the best position to assess Zimmer's credibility and clearly found Zimmer to be a credible witness. In short, we find that the trial court did not "lose its way and create a manifest miscarriage of justice".
 {¶ 29} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 30} Accordingly, the judgment of the Canton Municipal Court is affirmed.
Edwards, J., Wise, P.J. and Hoffman, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed. Costs assessed to appellant.